UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ANGELA KENT, )
 )
    Plaintiff, )
 )
 )    No. 09 C 6580
v. )
 )    Judge John W. Darrah
THE CITY OF CHICAGO, )
 )
    Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Angela Kent filed suit against Defendant, City of Chicago, alleging race and sex discrimination. The case comes before this Court on Defendant's motion to dismiss in part Plaintiff's Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, Defendant's motion to dismiss is granted.

## BACKGROUND

Angela Kent, an African-American female, began her employment as a department hearing officer for the Streets and Sanitation Department in November 2005. Although she began this position in November 2005, she received the official title on March 3, 2006. Her salary for this position was around $52,000. This remained her salary until she left the position in April 2008. Kent performed the same work that her predecessor performed, a Caucasian male, John Horodecki. In early 2008, Horodecki informed Kent that he was paid around $90,000 when he was the department hearing officer. Horodecki also received two weeks of administrative leave, a benefit that Kent did not receive. Horodecki was also provided a lease for a city vehicle for which he paid $100 a month and was allowed to drive for personal use as well as work-related business. Kent was also provided a lease for a city vehicle, but she paid around $636 a

month and was only allowed to use it for work purposes. Horodecki also received contributions to a pension, a benefit which Kent did not receive. On October 4, 2008, Kent filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC). Kent received a right-to-sue letter on December 30, 2009. Kent alleges that she was discriminated against on the basis of her sex and race in violation of the Equal Pay Act, 29 U.S.C. § 206(d), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), *et seq.*, and 42 U.S.C. § 1983.

## LEGAL STANDARD

In ruling on a motion to dismiss, the court must accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of the plaintiff. *Sprint Spectrum L.P. v. City of Carmel, Ind.*, 361 F.3d 998, 1001 (7th Cir. 2004). Federal Rule of Civil Procedure 8(a)(2) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To meet Rule 8(a)(2)'s requirements, the complaint must describe the claim in sufficient detail to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) *(Bell Atlantic)* (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The complaint "must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court." *E.E.O.C v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (citing *Bell Atlantic*, 550 U.S. at 544).

## ANALYSIS

The City argues that Kent's action against the City under Sections 1981 and 1983 should be dismissed for failure to state a claim. In *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978) *(Monell)*, the Supreme Court held that a plaintiff's constitutional

2

injury under Section 1983 must be the result of a municipal policy. *Id.* at 692. Municipalities are not liable under the theory of *respondeat superior*. *Id.* *Smith v. Chicago School Reform Board of Trustees*, 165 F.3d 1142 (7th Cir. 1999), held that *Monell* standards also apply to Section 1981 claims. *Id.* at 1148.

The City contends that Kent has not alleged the constitutional injury resulted directly from a municipal policy, custom or practice, or was caused by a person with final policymaking authority. The City contends that the allegation do not provide sufficient detail to give fair notice of grounds that a municipal policy was involved, as required by *Monell*.

In response, Kent argues that she has set out sufficient details to plausibly suggest that she has a right to relief under Sections 1981 and 1983. Kent alleges that she was paid less than her Caucasian male counterpart because of her race and gender. Kent argues that heightened pleading standards are not required in Section 1983 civil rights actions, alleging municipal liability. While a heightened pleading standard is not required, *Leatherman v. Tarrant County*, 507 U.S. 163, 164 (1993), sufficient details are necessary to determine if the alleged incident was the result of a municipal policy. *Gustafson v. Jones*, 117 F.3d 1015, 1022 (7th Cir. 1997) (citing *Board of County Commissioners of Bryan County v. Brown*, 520 U.S. 397 (1997)). Therefore, the City's motion is granted with respect to Kent's claims under Sections 1981 **and** 1983. However, Kent is granted leave to file an amended complaint.

The City further contends that Kent's Title VII claims that accrued more than 300 days prior to the filing of her EEOC charge should be dismissed. Title VII requires an individual to file a charge with the EEOC within 300 days of an unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1). The Ledbetter Fair Pay Act of 2009 ("FPA") limits recovery to paychecks paid

3

within the 300-day statute of limitations. *See Mikula v. Allegheny County of Pa.*, 583 F.3d 181, 185-86 (3d Cir. 2009) (citing *Hildebrandt v. Ill. Dept. of Natural Resources*, 347 F.3d 1014, 1027 (7th Cir. 2003) (*Hildebrandt*))[1].

The Seventh Circuit stated in *Hildebrandt*, that the plaintiff could "only recover for the discriminatory pay received within the statute of limitations period .... She filed her charge 300 days after July 10, 1997 ... [therefore] she cannot reach any paycheck prior to" that date. *Id.* at 1028. The FPA deems each paycheck issued pursuant to a discriminatory pay structure an independent, actionable employment practice under Title VII. Pub.L. No. 111-2.

Accordingly, if Kent demonstrates that her wages were the result of a discriminatory decision to pay her less money than her male predecessor, she may recover for each and every paycheck received from the present, dating back to 300 days prior to the filing of her action with the EEOC (October 4, 2008); she need not show that the discriminatory decision to pay her less occurred within this period. Kent filed her discrimination claim with the EEOC on October 4, 2008. Applying the 300-day statute of limitations period, the terms of the statute allow Kent to recover for discriminatory conduct occurring on or after December 11, 2007 (300 days before she filed her EEOC charge). *See* 42 U.S.C. § 2000e-5(3)(A). Therefore, Kent's Title VII pay discrimination claim is timely as to paychecks that she received after December 11, 2007.

---

[1]The Lilly Ledbetter Fair Pay Act of 2009 restored the law that was in place prior to the Supreme Court ruling in *Ledbetter v. Goodyear Tire & Rubber Co.*, 550 U.S. 618 (2007).

4

## CONCLUSION

For the foregoing reasons, the Defendant's Motion to Dismiss in part Kent's claims under Sections 1981 and 1983 is granted for failure to state a claim. However, Plaintiff is given leave to file an amended complaint within 45 days of the date of this Order if she can do so consistent with Rule 11.

Dated: April 8, 2010

JOHN W. DARRAH
United States District Court Judge